CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 20 2014

JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICIA BRINING, | )<br>) Civil Action No. 7:14-CV-00284 |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| KRISHNA ENTERPRISES, LLC, | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendant. | ) |

This diversity action arises from injuries that Plaintiff Patricia Brining, a Pennsylvania citizen, allegedly suffered at a hotel operated by Defendant Krishna Enterprises, LLC ("Krishna"), a Virginia limited liability corporation. The case is presently before the court on Krishna's motion to dismiss. For the following reasons, that motion will be granted, and Brining's complaint will be dismissed without prejudice.

### Factual and Procedural Background

The following facts, taken from Brining's complaint, Docket No. 1, are accepted as true at this stage in the proceedings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). On June 2, 2014, Brining filed a complaint for negligence. In that complaint, Brining alleges that she was injured by a "defective, hazardous, or dangerous condition" at a hotel "owned or operated" by Krishna "on or about March 24, 2013." Compl. ¶ 6. She further alleges that Krishna had a duty to maintain its premises in a reasonably safe condition, and that it breached that duty, either by causing the "unsafe condition" to exist, by failing to remedy that condition, or by failing to warn her of it. Brining seeks $500,000 in damages. Compl. ¶ 13.

Krishna filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure on October 7, 2014, Docket No. 8. Brining has not responded to this motion.[*] The parties have informed the court that they wish to forgo a hearing on this issue, so the motion is ripe for review.

## Discussion

In its motion to dismiss, Krishna argues that Brining's complaint lacks sufficient factual allegations to state a plausible claim for relief, as required by Rule 8(a) of the Federal Rules of Civil Procedure. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court agrees.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and make all reasonable inferences in the plaintiff's favor. Bell Atlantic v. Twombly, 550 U.S. 540, 570 (2007). The court, however, is "not so bound by the plaintiff's legal conclusions." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss, therefore, the complaint must contain "sufficient factual matter…to 'state a claim…that is plausible on its face.'" Iqbal, 556 U.S. at 678. Facts must be provided to "give the defendant fair notice of what the claim is…and the grounds upon which it rests." Erickson, 551 U.S. at 93.

The complaint in this case does not include sufficient factual allegations. The complaint states only that, while on Krishna's premises, an "Unsafe Condition caused [Brining] to sustain

---

[*] Brining filed an amended complaint on November 8, 2014. At this juncture, however, Brining may only amend her complaint after obtaining written permission from Krishna or leave of court. See Fed. R. Civ. P. 15(a)(2) (stating that after 21 days have passed since the filing of a responsive pleading or a 12(b) motion, a plaintiff may amend her complaint "only with the opposing party's written consent or leave of court"). Brining has not sought leave to amend, and nothing suggests that Krishna has consented to an amendment. Leave to amend should be "freely given." Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962). Nonetheless, the court cannot grant such leave when it is not requested as required by the Federal Rules. The court, therefore, does not consider Brining's amended complaint here.

2

personal injuries." Compl. ¶ 8. The complaint does not state where on Krishna's premises Brining was injured, how she was injured, or the nature of the "unsafe condition" that allegedly caused her injuries. Although a complaint need not contain detailed factual allegations, a "formulaic recitation of the elements of a cause of action… [or] naked assertion[s] devoid of further factual enhancement" cannot survive a motion to dismiss. Iqbal, 556 U.S. at 678. Brining's complaint amounts to only a "naked assertion" of injury coupled with a "formulaic recitation" of the elements of a negligence claim. It thus cannot withstand Krishna's motion to dismiss and must be dismissed.

## Conclusion

For the reasons stated, Krishna's motion to dismiss is granted. Brining's complaint will be dismissed without prejudice. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 19th day of November, 2014.

/s/ Glen Conrad
Chief United States District Judge